MIDDLETON, J.
This is a proceeding in error to reverse a judgment of the court of common pleas setting aside, by the verdict of a jury, the last will and testament of one John Crowe, deceased.'
The petition in error presents no new or unusual questions. It is contended by the plaintiffs in error that there was prejudicial error in the trial below:
First — In the exclusion of evidence offered by them.
Second — In refusing to give certain instructions to the jury requested by them.
Third — That the verdict is against the manifest weight of the evidence.
The evidence excluded in the trial in respect to which complaint is now made, was the answer of Judge Beatty, who adjudged the testator to be an imbecile, soon after the will was executed, to the following question:
“I will ask you if, in your judgment, from what you saw and learned of John Crowe, he had sufficient mind and memory to make á proper testamentary disposition of his property on the date you saw him ? ’1
And also the withdrawal from the consideration of the jury the last sentence in the answer of Arthur H. Bannon, the attor *470 ney who prepared the will and was present when it was signed, to a question regarding the mental condition of the testator at the time he made his will, which answer and question are as follows:
‘ ‘ Q. Now, Mr. Bannon, I will ask you what his mental condition was in your judgment at the time he executed and signed that will on March 15, 1915!
A. He had a well-balanced mind at the time, and knew what he was doing, and was able to make a will. ’ ’
The witness’ statement “he was able to make a will” was withdrawn from the jury.
The action of the court in both instances was completely in harmony with the settled rule in this state as announced by our Supreme Court in Runyan v. Price, 15 Ohio St. 1, and reaffirmed by the same court in the more recent case of Bahl v. Byal, 90 Ohio St. 129 [106 N. E. 129], decided March 17, 1914. In the former ease it was held in the third paragraph of syllabus:
1 ‘ * * nor can he be asked his opinion as to the capacity of a testator to make a will. Such inquiry involves a matter of law; also assumes that the witness knows the degree of capacity required to perform the act in issue. ’ ’
And in the latter case in the first paragraph of syllabus it is said:
“It is not competent, in a proceeding to contest a will, for a witness to give an opinion as to whether the testator had capacity to make a will. But the physical and mental conditions from which it may be determined by the court and jury whether he had such capacity are facts which- may be shown by evidence of manifestations of such conditions.”
While this court is satisfied that both witnesses involved here are undoubtedly qualified to know, and did know, the degree of capacity required by law to make a valid last will and testament, yet this inquiry in both instances involves the matter which, under the law, is to be determined by the jury, and is therefore within the inhibition named in the rule above quoted that it involves a matter of law. Therefore, the answers of both witnesses were incompetent.
It is contended, however, that the later case of Niemes v. *471 Niemes, 97 Ohio St. 145 [119 N. E. 503], modifies or relaxes this rule. We have read this ease with great care, and while the opinion of the court by Judge Nichols is in very interesting discussion of the subject of the admission of lay testimony in respect to testamentary capacity it does not, in our judgment, decide anything pertinent to our inquiry here, nor does it modify in any degree the rule as established in Runyan v. Price, supra. At most, this opinion is a criticism of the reasons for the establishment of the rule which excludes such testimony. We can not, therefore, accept this case as authority for the admission of the testimony of these witnesses.
The next error complained of relates to the refusal of the court to instruct the jury that there was no evidence to sustain the claim of undue influence. We can not discuss in detail this whole record. The testimony of one witness — Andrew Crowe, a brother of the testator and one of the two beneficiaries named in the last will — furnishes, in our judgment, ample reason to support the refusal of the court to give this instruction. This witness testified that he procured the attorney who wrote the will. He says this was done at the instance of the testator. This shows that this witness undoubtedly discussed the matter of making a will with the testator before it was made, that he was in a position to talk to the testator before the latter made his will, and that he sustained such a relation to John Crowe that Crowe entrusted him with the duty of procuring a lawyer to write the will. It thus appears that this witness not only had the opportunity to influence the testator, but his further acts and admissions show that he had the disposition to control the testator if he could. It appears that, with the co-operation of others, he later succeeded in isolating John Crowe so that other relatives could not see him, and even refused the attorneys representing such relatives admission to Crowe’s presence, and then boasted of it when testifying. His interest in this matter is further shown by the fact that he filed an application charging the testator with imbecility within a short time after this will was made, probably not more than two weeks, and that subsequently he was appointed one of the guardians of the testator. It is argued that all these facts are without probative force as they occurred after the will was made. "While it is true they did so occur, yet they were so recent after *472 the making of the will as to furnish strong proof, in our judgment, of this witness’ attitude and disposition toward Crowe not only after, but before the will was made, and his evident purpose and intention to prevent testator from controlling his property and disposing of it as he might see fit. Here, at least, was a scintilla of evidence to support the issue of undue influence and required its submission to a jury.
Instruction number eleven might well have been given in the general charge, but the court was not absolutely required to give it, as the jury were fully and carefully charged on that issue in a most excellent exposition of the law, not only upon the question of undue influence but upon the mental capacity required in eases of this character. We can not see upon what theory any prejudice resulted from the court’s refusal to give this instruction.
On the claim that the verdict was against the manifest weight of the evidence candor compels us to say that we are not satisfied with this verdict. We are not convinced, by any means, that John Crowe was not competent to make a will, but we can not substitute ourselves for the jury. The appointment of guardians by the probate court of this county very soon after this will was executed, upon the ground that the testator was an imbecile, was undoubtedly the most potent factor in bringing about the verdict in this case. These proceedings were instituted at the instance of the two beneficiaries named in the will, and it was upon their sworn affidavits that John Crowe was an imbecile that they were appointed as his guardians, and all this within a month, or perhaps a day or two longer, of the making of his will. Under such facts we can not say that the record does not present evidence to- sustain this verdict, nor that the verdict is clearly wrong. Our position in respect to this claim is aptly stated by the court in McGatrick v. Wason, 4 Ohio St. 575:
‘ ‘ Should we disturb this finding ? If it is clearly wrong we must do so; if we only doubt its correctness we must let it alone. In French v. Millard, 2 Ohio St. [44] 53, this court said: ‘We are not satisfied that the verdict of the jury was right. But this is not enough. A mere difference of opinion between court and jury does not warrant the former in setting aside the finding of the latter. That would be, in effect, to abolish the institution of *473 juries and substitute the court to try all questions of fact. It must be clear that the jury has erred before a new trial will be granted on the ground that the verdict is against the weight of the evidence. ’ ’ ’
Judgment affirmed.
Walters and Sayre, JJ., concur.